# Collins *v.* Smith.

### *Bill to Cancel Lease.*

(Decided April 2, 1907. 43 So. Rep. 838.)

*Lease; Requisites; Consideration.*—A lease to mine coal providing for a payment of royalty to the lessor, and further providing that the mining was to be done at the lessees discretion and that no cessation of operation, or failure of the lessee to avail himself of the privileges of the lease should operate as a forfeiture thereof, is a mere option, based on no consideration and could be withdrawn at any time before money was expended in doing what was optional on the part of the lessee.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by W. S. Smith against James A. Collins to cancel lease of coal lands. From a decree overruling the motion to dismiss the bill the respondent appeals. Affirmed

ROBT. N. BELL, and CALDWELL & CARMICHAEL, for appellant.—Where the lease does not name a period in which the mining is to be begun, the law annexes the agreement to begin within a reasonable time.—Taylor's Landlord & Tenant, p. 120. If the contract is open to two constructions, one of which will invalidate the contract, and the other uphold it, the court will adopt the latter construction.—*Blue Stone Coal Co. v. Bell,* 18 S. E. 497; *Island Coal Co. v. Combs,* 152 Ind. 379.

CHARLES G. BROWN, VAUGHAN & DAVIDSON, and SMITH & SMITH, for appellee.—The agreement is unilateral, without mutuality of obligation on the part of the lessee and lacking in mutuality of remedy in favor of the lessor.—Parsons on Contract, pp. 449-450, and note; 94 Tenn. 397; 89 Tenn. 381; 61 N. E. 12; *Campbell v. Lambert,* 36 La. Ann. 35; *Ry. Co. v. Scott,* 72 Tex. 70.

TYSON, C. J.—The amended bill, seeking the cancellation of the lease, is framed upon two theories: First, that the lease is unilateral; and, second, that its execution was obtained by fraudulent representations, which were relied on by the companaint. The appeal is from a decree overruling a motion to dismiss the bill for want of equity.

It is not insisted in brief of appellant's counsel that it is without equity upon the alleged ground of fraud, and, indeed, if such an insistence was urged, it would be clearly without merit. So, then, it might be conceded

[Collins v. Smith.]

that the lease is not unilaterial, and therefore that phase of the bill presents no ground for equitable relief, still the motion to dismiss was properly overruled. But we entertain the opinion that the lease is unilateral—wanting in mutuality, and therefore a nudum pactum. It is undoubtedly true that some consideration, express or implied, is necessary to give validity to the lease as a contract; and it is also true that the promise of the lessee to mine the coal and other minerals and pay royalty upon them to the lessor, if expressed in the lease, would constitute a sufficient consideration. But an examination of the instrument discloses that the lessee assumed no obligation to mine any coal or other minerals at all. By the express terms of the lease the operation of mining was to be begun and continued at his discretion; and it was further provided that "no cessation of operation in mining" or the failure of the lessee to avail himself in any other manner of the privileges conferred by the lease, should operate a forfeiture of it. The lease is to run 99 years from its making. It is shown by the averments of the bill that the lessee had not exercised any of the privileges conferred. The lessee not having assumed any obligations to mine, it is clear that the complainant could neither enforce a specific performance by him of the contract nor maintain an action to recover damages for its breach. As said by the Supreme Court of Tennessee, in *Petroleum Co. v. Coal, Coke & Mfg. Co.*, 89 Tenn. 388, 18 S. W. 65: "It is a mere option, based upon no consideration, and may be withdrawn at any time before money is expended in doing what is optional upon the part of the lessee."

Affirmed.

DOWDELL, ANDERSON, and MCCLELLAN, JJ., concur.