# Collins *v*. Abel.

## *Bill to Annul Lease Contract.*

*Lease; Requisites; Consideration.*—A lease of lands for the purpose of mining coal and taking oil from certain lands upon a consideration of one dollar and a specified royalty on the coal and oil taken therefrom which provides that the operation of a mine shall be begun and continued at the discretion of the lessee, and that no cessation of operation and mining, or the availing by the lessee in any other manner of the privileges of the lease, should operate

as a forfeiture, is a mere unilateral contract and without consideration, subject to cancellation by the lessor; the lessee having taken no steps to operate thereunder for more than three years from the execution of the deed.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by Joseph D. Abel against James A. Collins to cancel and annul a lease on coal lands. The facts are sufficiently stated in the opinion of the court. From a decree for complainant respondent appeals. Affirmed.

ROBERT N. BELL, and CALDWELL & CARMICHAEL, for appellant.—Where the lease does not name a period in which the mining is to be begun, the law annexes the agreement to begin within a reasonable time.—Taylor's Landlord & Tenant, p. 120. If the contract is open to two constructions, one of which will invalidate the contract, and the other uphold it, the court will adopt the latter construction.—*Blue Stone Coal Co. v. Bell,* 18 S. E. 497; *Island Coal Co. v. Combs,* 152 Ind. 379.

VAUGHAN & DAVIDSON, and SMITH & SMITH, for appellee.—The agreement is unilateral, without mutuality of obligation on the part of the lessee and lacking in mutuality of remedy in favor of the lessor.—Parsons on Contract, pp. 449-450, and note; 94 Tenn. 397; 89 Tenn. 381, 61 N. E. 12; *Campbell v. Lambert,* 36 La. Ann. 35; *Ry. Co. v. Scott,* 72 Tex. 70.

HARALSON, J.—The bill was filed by Joseph B. Abel against James A. Collins, and sought the cancellation of a certain written lease, of 255 acres of coal land. The consideration expressed in the lease was $1. The lands were leased for the purpose of mining the coal thereunder and all other minerals, and was for the term of 99 years, from the date of the lease, it being the intention of the

[Collins v. Abel.]

parties, as expressed in the lease, that the lessee, Collins, should have the exclusive right to the privileges granted "and that the operation of said mines shall be begun and continued at the discretion of the party of the second part (Collins), and no cessation of operation in mining or availing himself in any other manner of the privileges of the lease, shall operate as a forfeiture thereof," and party of the second part agreed to pay, each month, to the party of the first part, his heirs, etc., the sum of 3 cents per ton for all coal, ore or oil mined or taken by the party of the second part, and pay the sum of $1 per thousand for all timbers used as props or caps off of said land, and that party of second part, his successors and asigns, should have the exclusive right to operate saw-mills on said lands. The lease was signed by complainant but not by respondent.

The bill alleges, that defendant had never taken any steps whatever, for over three years, to mine said coal, nor in any manner, or to any extent, made any effort to comply with any of the provisions of said lease; that said agreement does not show on its face that its terms have not been complied with, nor that it has been forfeited by the lessor; but the failure thereof, are matters to be proven by extrinsic parol evidence; that said instrument is a unilateral agreement and voidable at the option of the lessor, before work has been commenced by the lessee under the agreement; that complainant, before filing this bill revoked said lease contract and declared the same forfeited, and notified the lessee thereof, and demanded a cancellation and surrender of the same, and, at the same time, tendered to him the said sum of $1 and the interest thereon to date, and that the respondent refused said tender, and refused to cancel and surrender said lease contract. Complainant also averred, that he was now, and had been in the adverse and peaceable

14 R

possession of said land, and that said instrument was a cloud on his title, and depreciated the market value of his lands, and further, that the defendant did not in good faith procure the lease for the purpose of operating the mines, but only for speculation thereon, and the said agreement and the action of defendant in respect thereof, are grossly inadequate and unconscionable.

The prayer of the bill is for a decree adjudging that said instrument is unilateral and void; that the same be removed as a cloud upon complainant's title; adjudging that the same was procured by a fraud practiced upon complainant in its procurement, and ordering that the same be surrendered to the register for cancellation, and that said lease contract be held to be void; and that defendant be perpetually enjoined from transferring or assigning the same, and for general relief.

The defendant moved to dismiss the bill for want of equity, which motion was overruled by the court. The appeal is to reverse that decree.

The insistent of the defendant is, that the instrument is not unilateral, but binding on him, and that he should be allowed a reasonable time to open and develop the mines, and that the lease, as for anything set up, should not be decreed to be forfeited. That of the complainant is, that the instrument of lease is unilateral, and without mutuality of obligation on the part of the defendant.

In 1 Parsons on Contracts, 449, note 20, it is said: "One party to a contract is not bound thereby, when it does not bind the other party; when there is no liability there is no obligation." The author states that, in concluding a valuable article in 32 Am. L. Rev. 409, 419, the author of that article says: "I assert, unhesitatingly the rule, supported alike by reason and authority, that where a consideration is sought for to uphold a promise to perform given acts, that consideration must be some-

thing of value; is a .promise, one capable of enforcement in some tribunal, legal or equitable, and that failing, the agreement is a mere nude pact, void for want of mutuality in the obligation, lacking the reciprocal tie, and consequently without avail in any forum." "To be binding on one, it must be binding on the other. Each party assumes fixed and definite obligations."—*Howard v. E. T., V. & G. R. Co.*, 91 Ala. 269, 8 South. 868; *Comer v. Bankhead*, 70 Ala. 144; *Evans v. C. S. & M. R. Co.*, 78 Ala. 341; *Fulenwider v. Rowan*, 136 Ala. 306, 34 South. 975.

In *Petroleum Co. v. C. C. & M. Co.*, 89 Tenn. 381, 18 S. W. 65, similar in its main features to the case before us, it was held: "This (contract) becomes nudum pactum, if construed to impose no legal obligation upon the lessee to explore and discover mines or to work them when discovered. That construction would convert it into a mere voluntary option, that the lessors could withdraw, at any time before acceptance."

In the course of the opinion it is said: "A fair construction of this lease would leave it optional as to whether the lessees should make any effort whatever, to discover the mineral value of any particular lease, and if tested and minerals developed, it seems to depend upon their judgment as to whether said mines should be worked. * * * No other consideration for these leases is pretended, than a share in the net profits resulting from such mines, as they shall deem it advisable to test the work. No penalty is agreed on, if they shall fail to 'test' and no rent or other compensation is provided, if they shall fail to work developed mines of minerals. If this construction be the right one then these contracts, when actual mining has not been begun, are void for want of any consideration to support them."

In *Bluestone Coal Co. v. Bell*, 18 S. E. 497. 38 W. Va. 297, quoting from case of *Iron Co. v. Trout*, 83 Va 409, 2

S. E. 713, 5 Am. St. Rep. 285, it was said: "The lease was for a term of 20 years (here it is for 99 years). Yet, looking to its nature and object, it cannot be contended that the lessees had the option to work or not to work the ore mines for an indefinite time, and thus convert what was designed to yield a handsome daily income to the lessor, into a mere barren incumbrance on his land— a cloud on his title—an incubus and a manacle, which would oppress him, and destroy the marketable value of his land. No lease of land for a rent for a return to the landlord out of the land which passes, can be construed to be intended to enable the tenant merely to hold the lease for the purpose of speculation, without doing and performing in connection therewith what the lease contemplated. Such a construction would indeed, make all such contracts a snare for the entrapment and injury of the unwary landlord."

To the same effect is the case of *Giger v. Green,* 4 Gill (Md.) 472, where it was held that a contract "unequal in its stipulations and bearing, which binds one party, and leaves the other unfettered, as it respects the observance of its terms, in which there are to be seen no mutual or reciprocal engagements, and which must be regarded, therefore, as unreasonable and inequitable, can never be enforced by a court of equity."

The lease contract in this case expressly provides, that the operation of the mines shall be begun and continued at the sole discretion of the lessee, and that no cessation of operation in mining, or availing himself in any other manner of any privileges of the lease, shall operate a forfeiture thereof. There is no binding obligation on him to mine any coal, or to cut any timber from the land. The discretion of the lessee is to govern, as to whether or not, the mines shall be operated during the whole period of 99 years; as to when the work shall be begun, within a

[Hodnett v. Blankenship.]

reasonable or unreasonable time. As has been said, the defendant, has mined no coal from said land, and has exercised none of the privileges of said lease, and has not in any manner or to any extent complied with any of the provisions of said lease, and has refused on tender of the one dollar and interest thereon from the date of the lease to the demand for its surrender, to surrender said lease.

From what has been said sufficient reasons appear for affirming the decree of the chancellor, overruling the motion to dismiss the bill for want of equity.—*Collins v. Smith*, 151 Ala. —, 43 South. 838.

Affirmed.

Tyson, C. J., and Simpson and Denson, JJ., concur.