(82 South. 483)

## MAJESTIC COAL CO. v. ANDERSON.
### (6 Div. 903.)

(Supreme Court of Alabama. June 5, 1919.
Rehearing Denied June 30, 1919.)

**1. COURTS ⬤➾93(1)—FOLLOWING DECISIONS—INVOLVED TITLE.**

It having been decided in prior cases that instruments identical in terms with the one sought to be canceled in the instant case, except as to parties and lands described, were subject to cancellation, where not executed because unilateral, and the rule of said cases having remained unimpaired for 12 years, it is too late to re-examine the question; such decisions having constituted a rule of property or muniment of title.

**2. MINES AND MINERALS ⬤➾58—UNILATERAL LEASE.**

A lease of land for mining purposes *held* lacking in mutuality, where lessee did not obligate himself to institute mining operations, and not to be binding where unexecuted.

**3. CONTRACTS ⬤➾10(1) — UNILATERAL CONTRACTS—RATIFICATION.**

Though an executory contract is voidable and may be canceled because of absence of mutuality at the time of its execution, if the party in whose favor the unilateral promise is made accepts its performance, this supplies the element of mutuality, and gives a right of action.

**4. PLEADING ⬤➾34(5), 126—NEGATIVE PREGNANT—CONSTRUCTION ON DEMURRER.**

Averment that there has not been any mining of coal upon said land for a long period of time has the effect of a negative pregnant, and imports an affirmation that prior to period mentioned coal mining was done, and on demurrer lease will be held executed and not subject to cancellation on the ground that it is unilateral and lacking in mutuality.

**5. PLEADING ⬤➾34(4)—CONSTRUING AGAINST PLEADER.**

On demurrer the pleading assailed must be construed against the pleader.

**6. CANCELLATION OF INSTRUMENTS ⬤➾37(6)—PLEADING—FRAUDULENT REPRESENTATIONS—EXPRESSION OF OPINION.**

In suit to cancel mining lease upon the ground of fraudulent representations, averment that at time lease was executed, and before, lessor represented to plaintiff that mining operations would begin in the very near future, and that royalties from said operations would amount to a competence for plaintiff, was insufficient.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill by S. M. Anderson against the Majestic Coal Company. Judgment for complainant, and respondent appeals. Reversed and remanded.

Tillman, Bradley & Morrow, of Birmingham, for appellant.

Arthur L. Brown, of Birmingham, for appellee.

McCLELLAN, J. This bill was filed on April 13, 1918, by Mrs. S. M. Anderson against the Majestic Coal Company, seeking (after amendment) the cancellation of the instrument reproduced below, upon the ground, with another to be stated, that it is "unilateral and without mutuality of obligation," and that "at most" it constitutes "a mere option or privilege revocable at any time by any of the parties thereto or their assigns." Aside from its formal parts, the instrument in question reads:

"This lease contract made and entered into this the 27th day of November, 1901, by and between Mrs. S. M. Anderson, party of the first part and James A. Collins, party of the second part, witnesseth:

"That for and in consideration of the sum of one dollar cash in hand paid by the party of the second part to the party of the first part, the receipt whereof is hereby acknowledged, and the further consideration of the stipulations and agreements hereinafter fully set out and the said parties of the first part have bargained, leased and let, and they do by these presents, bargain, lease and let and convey to the said party of the second part, his successors, administrators and assigns, for the purpose of mining the coal thereon or thereunder and for the purpose of mining all other minerals, and for the other purposes herein enumerated, the following described lands situated in Jefferson county, Alabama, to wit: S. ½ of N. E. ¼ and N. E. ¼ of N. E. ¼ of section 8, township 15, range 2 west, 120.38 acres, together with the usual mining privileges and with the privileges more particularly set out herein.

"This instrument is to remain in full force and effect from date of execution hereof and for full period of 99 years thereafter, the party of the second part, his heirs and assigns, administrators shall have free use of the land described herein for the purpose of constructing, using and operating tipples, roads, railroads, houses for employés, commissary, etc., and all other needful uses in carrying on a mining business on said land or upon land operated by second party, together with all timber, water and stone thereon needful for constructing and operating mines on said lands, it being the intention of the parties hereto that the said second party shall [have] the exclusive right to the privileges herein granted, and that the operation of said mines shall be begun and continued at the discretion of the party of the second part and no cessation of operation in mining or availing himself in any other manner of the privileges of this lease shall operate as a forfeiture thereof. This lease with all the privileges may be transferred to an individual or corporation by the party of the second part without the consent of the parties of the first part. The party of the second part are to be the sole judges of the amount of the output daily of minerals mined, the mines may be so operated from opening on lands not included in this lease, the party of the second part shall have the exclusive right to operate a commissary or other stores

on said lands during this lease; the party of the second part agrees to pay the sum of three (3) cents per ton for all coal, ore or oil mined or taken by the second party, his successors or assigns on said lands, and to pay the party of the first part the sum of $1.00 per thousand feet for all timber used off of said lands, the party of the second part is to pay said sum each month as they accrued, that is to say, that they shall pay for same by or before the 25th of each month, for the coal, ore, oil or timber taken during the preceding month. The party of the second part' their successors or assigns shall have the exclusive right to operate saw mills on said lands.

"Given under our hands and seals, this the 27th day of November, 1901.

                   "Mrs. S. M. Anderson."

It was signed and formally acknowledged by Mrs. Anderson.

The respective solicitors are agreed that, apart from the land described therein and the signers thereof, this instrument is identical in terms with those considered by this court in Collins v. Smith, 151 Ala. 133, 43 South. 838, and Collins v. Abel, 151 Ala. 207, 44 South. 109, 125 Am. St. Rep. 24, with note. These decisions were delivered in 1907. In Kalachny v. Galbraith (Okl.) 38 L. R. A. (N. S.) 451, 456, and in the note thereto (38 L. R. A. [N. S.] 452) Collins v. Abel, supra, was considered where it was noted, as in Rechard v. Cowley, 80 South. 419,[1] that the exceptional character and qualities of the minerals, oil and gas, prevents the application to transactions concerning such minerals of rules of law applicable to minerals not ᴀᴏ elusive and furtive by nature.

[1] It was decided by this court in Collins v. Smith and Collins v. Abel, supra, that instruments identical in terms (except the signators and the lands described therein) were subject to cancellation because unilateral, not mutually binding upon the parties, the theory being that they were executory, not executed, contracts. The rule of those decisions has remained unimpaired, if indeed not unquestioned, for 12 years. That rule and those decisions had been long extant and authoritative when the' appellant, the Majestic Ore Company, purchased in 1915, from the Indio Coal Company, "all its rights in and to said lease," quoted above. As respects instruments identical in terms with those considered in the mentioned cases reported in 151 Ala. 133, 43 South. 838; 151 Ala. 207, 44 South. 109, it is now too late to enter upon the re-examination of this question with a view to revision of the conclusion therein attained and thereby enforced. This for the reason—however doubtful may be the correctness of that conclusion upon further consideration—thus well stated in Bibb v. Bibb, 79 Ala. page 444:

"But, when even a single decision, and especially repeated decisions, have stood for such length of time that the rule thereby established may have become a rule entering into, and acted upon in, the execution of contracts and the transactions of business, or may have constituted a rule of property, or a muniment of title, it is the imperative duty of the court to suffer it to remain undisturbed. The quieting of litigation, the public peace and repose,' respect for the judicial administration of the law, and confidence in its reasonable certainty, stability and consistency, and all considerations of public policy call for permanently upholding acts done, contracts executed, rights vested, and titles to property acquired on the faith of decisions of the court of last resort."

[2] Reading the effect of the instruments from their faces—those then considered and that now submitted to the judicial judgment —it must be held that, since Collins did not obligate himself to institute mining operations on the lands, the present instrument was not binding when made, because of want of mutuality. Collins v. Smith, supra; Collins v. Abel, supra.

[3] Notwithstanding an executory contract is voidable and may be canceled because of the absence of mutuality at the time of its execution, it is the established doctrine in this jurisdiction that if the party in whose favor a "unilateral promise is made ,accept its performance, or do any act in recognition of its implied or intended, though unexpressed, consideration, this supplies the element of mutuality, and gives a right of action." Evans v. C., S. & M. Ry. Co., 78 Ala. 341, 345, 346; Sheffield Fur. Co. v. Hull Coal Co., 101 Ala. 446, 477, 14 South. 672, as aptly interpreted in McIntyre Lumber Co. v. Jackson Lumber Co., 165 Ala. 268, 274, 51 South. 767, 138 Am. St. Rep. 66, Pratt Con. Coal Co. v. Short, 191 Ala. 378, 390, 391, 68 South. 63; Pullman Co. v. Meyer, 195 Ala. 397, 401, 70 South. 763. Since it is "indispensable to the validity of a contract [meaning an executory contract, we interpolate] that it should be mutually obligatory upon both parties, or it will be binding upon neither," the want of mutuality rests "mainly upon the absence of a consideration to support the promise." McGowin Lumber Co. v. Camp Lumber Co., 192 Ala. 35, 39, 40, 68 South. 263, 264; Evans v. C., S. & M. Ry. Co., 78 Ala. 341, 345, 346. In short, to affirm that an executory contract is wanting in mutuality is to attack its consideration. Evans v. Ry. Co., 78 Ala., particularly pages 345, 346.

[4, 5] In paragraph 6 of the present bill it is averred "that there has not been any mining of coal done upon said lands [i. e., described in the above-quoted instrument] for a long period of time, to wit, about six years." This expression is in the form and has the effect of a negative pregnant. 3 Words and Phrases (2d Series) p. 550. It imports an affirmation that prior to the stated period of six years coal mining was done on the land described in the instrument. It is not alleged who did this mining prior to

[1] 202 Ala. 337.

tne six-year period stated; but, since on hearing on demurrer the pleading assailed must be construed against the pleader, the implication resulting from the negative pregnant employed is that it was done under the instrument the validity of which is brought into question by the averments of the amended bill; and, nothing to the contrary appearing, that the complainant, signer of the instrument assailed, received from the operation the royalties required by the terms of the instrument to be paid to the complainant. When so interpreted, it appears from the amended bill that the original absence of mutuality was later supplied within the doctrine stated in Evans v. Railway Co., 78 Ala. pp. 345, 346, and subsequently restated or illustrated in other decisions of this court. The conclusion results, inevitably, that the instrument assailed is not void for want of mutuality.

In both Collins v. Smith and Collins v. Abel the healing effect of action under a contract originally wanting in mutuality is expressly recognized. The original bill considered in Collins v. Abel, as reproduced in the transcript in this court, has been consulted. It was therein averred, as it was in the bill in Collins v. Smith, "that no coal has been mined under said lease from said land," thus explaining the allusion in the opinion (151 Ala. 209, 44 South. 109, 125 Am. St. Rep. 24) to inaction "for over three years." In that case (Collins v. Abel) the instrument was executed in May, 1903, and the bill was filed in July, 1906, about three years later, thus accounting for the quoted reference to three years of inaction under the "lease."

[6] The only other ground upon which the complainant claims a cancellation of the instrument is set forth in this paragraph of the bill:

"She avers that at the time the said instruments in writing purporting to be leases were executed, and before, that the said Collins represented to her that mining operations would begin in the very near future, and that the royalties from said operations would amount to a competence for her, and, relying upon such statement, she was induced to sign said papers. She avers that at that time she had great confidence in the said Collins, and relied upon his said representations."

The nature of the representation therein averred is promissory only. Nothing is alleged to characterize it as fraudulent when it was made. It is not even charged that it was false at any time. For aught that is averred, Collins then honestly expected to conform his subsequent conduct, with respect to the mining, to the representation the pleader attributes to him. The other feature, viz. that the result would afford complainant a competency, is manifestly a mere matter of opinion, not the affirmation of a fact.

1 Black on Rescission and Cancellation, § 89; Joseph v. Decatur Land Co., 102 Ala. 346, 14 South. 739; Birmingham Warehouse Co. v. Elyton Land Co., 93 Ala. 549, 9 South. 235; Bradfield v. Elyton Land Co., 93 Ala. 527, 8 South. 383.

The allegation, most general as it is, "that at that time she had great confidence in the said Collins and relied upon his said representation," added nothing to the insufficient averments to which it was related, upon which it was founded.

The demurrer should have been sustained to the bill as now framed. It was error to overrule it. The decree is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.