75 So.2d 85

**H. M. GIPSON et al.**

v.

**James N. SMITH.**

3 Div. 691.

Supreme Court of Alabama.

Oct. 7, 1954.

W. Clarence Atkeison, Prattville, and Rushton, Stakely & Johnston, Montgomery, for appellee.

SIMPSON, Justice.

This appeal is upon the record proper. It reveals that the plaintiff sued the appellants and their servant, Riley Steel, for injuries received by the plaintiff due to the alleged negligent and wanton operation of an automobile by Steel while acting in the line and scope of his employment. The theory on which the complaint seeks to predicate liability of the appellants is under the doctrine of respondeat superior.

The minute entry is as follows:

"Came the parties by their attorneys, came also a jury of good and lawful men, to-wit: Earnest H. McCreary, and eleven others, who being impanelled and duly sworn according to law, on their oaths say, We, the jury, find the issue in favor of the Plaintiff, James N. Smith, and against the Defendants H. M. Gipson and E. L. Turner, and assess the damages at the sum of $3,300.00. And the same being considered by the Court;

Taylor & Newby and Gipson & Gipson, Prattville, for appellants.

"It is Ordered and Adjudged by the Court that the Plaintiff, James N.

Smith, have and recover of the Defendants H. M. Gipson and E. L. Turner, the sum of $3,300.00 the damages assessed as aforesaid, together with the costs in this behalf expended, for which execution may issue."

The entry is assailed as being no judgment for not containing a "Consideratum Est." Statements can be found in our decisions to the effect that "It is, therefore, considered by the Court" are the proper words for a judgment. McDonald v. Alabama Midland Ry. Co., 123 Ala. 227, 26 So. 165; Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583; Bell v. Otts, 101 Ala. 186, 13 So. 43. But we have been directed to no decision which holds that no other words will suffice. A formal adjudication is all that is required and the above phraseology is sufficient.

The argument is also advanced for a reversal that the verdict amounted to a finding in favor of the defendant Riley Steel and that under the holdings of this court appellants being liable only as Steel's masters, the verdict was so inconsistent as that the masters were also thereby acquitted. Such has been the consistent holding of this court. Turner Motors v. Hickey, 260 Ala. 577, 72 So.2d 75, and cases cited.

So it is argued that this status opens the way for the further opinion that the judgment is void on the face of the record and must be so declared on this appeal. But the rule is otherwise in this jurisdiction. A void judgment or decree will not support an appeal and so is not subject to appellate review. Shade v. Shade, 252 Ala. 134, 39 So.2d 785, and cases cited. The rule is that if it is void the lower court has authority to expunge it at any time. Robinson Co. v. Beck, post, 531, 74 So.2d 915; Shade v. Shade, supra.

And, of course, if the judgment were void the case would be viewed as if no judgment had been rendered and that the servant likewise had not been acquitted—a manifest inconsistency with the above-stated principle on the subject.

Hence, the theory on which we have reviewed such cases is that where the master is sought to be held liable for the sole dereliction of his agent and the agent is acquitted and the master found liable, that situation presents only a condition which must be seasonably taken advantage of in the lower court by proper motion. The inconsistency is only with the verdict and not with the judgment. Of consequence, this court has said that "such verdict should, on proper motion, be set aside in toto * * *." Carter v. Franklin, 234 Ala. 116, 118, 173 So. 861, 863. Appellants made no such motion nor invited any kind of action in the lower court to reach the defect in the verdict, but have simply appealed on the record proper from that judgment. Therefore from aught appearing, there is nothing presented to invite our review nor upon which to predicate error to reverse.

Affirmed.

LIVINGSTON, C. J., and GOODWYN and CLAYTON, JJ., concur.