143 So.2d 304

**Z. T. MOZLEY**

v.

**D. H. BOEN.**

**8 Div. 811.**

Court of Appeals of Alabama.
June 19, 1962.

Clark E. Johnson, Jr., Albertville, for appellee.

H. G. Bailey, Boaz, for appellant.

**598**

CATES, Judge.

Mozley appeals from a judgment for $600 on a verdict in favor of Boen in an action for rent reserved under a verbal lease of certain premises in the City of Boaz for use as a cafe or restaurant. He has eight assignments of error, five of which (1, 2, 3, 4 and 8) are argued.

Count 1 of Boen's complaint was for rent of premises said to have been demised orally. Count 2 claimed for their use and occupation by Mozley.

Assignment 1 is that the trial court erred in sustaining Boen's demurrers to Mozley's plea 3–A which sought $10,000 as damages in recoupment.

Mozley therein averred that he was to occupy the premises free of any rental until Boen furnished and installed an air conditioning unit "sufficient to cool the said building and to heat 'it,'" and added other appurtenances; that Boen, though often requested to do so by Mozley, failed and refused to furnish and install any of the promised items.

This plea fails to allege Mozley promised to pay any specific amount as rent other than that "the rental was to be agreed upon and a lease executed when the plaintiff furnished and installed the items, under his agreement."

Since the plea merely shows an agreement to negotiate, we consider that the demurrer was due to be sustained. Rather than averring that Mozley and Boen expressed a meeting of minds, it seems to us that this agreement for a further agreement partakes of what Chilton, C. J., in Erwin & Williams v. Erwin, 25 Ala. 236, characterized as a proposal to render a kindness. See Cowin v. Salmon, 244 Ala.

285, 13 So.2d 190; Elmore, Quillian & Co. v. Parrish Bros., 170 Ala. 499, 54 So. 203; and as was said by Gardner, J., in Goodwin v. Adler, 220 Ala. 69, 124 So. 108:

"The demurrer to count B was properly sustained upon the theory the alleged contract was too vague and indefinite upon which a right of action for its breach may be rested. It is essential to a contract that the nature and the extent of its obligations be certain. 13 C.J. 266. 'It is elementary in the law that, for the validity of a contract, the * * * agreement of the parties to it must be certain and explicit, and that their full intention may be ascertained to a reasonable degree of certainty. Their agreement must be neither vague nor indefinite.' Butler v. Kemmerer, 218 Pa. 242, 67 A. 332; 334.

"Plaintiff was to organize a corporation, its size and capital stock undetermined, and engage in mining operations under an indefinite lease, and pay undetermined royalties. Upon what scale it is to be carried on is left wholly uncertain, and, as held in Erwin & Williams v. Erwin, 25 Ala. 236, the 'capital must bear some just proportion to the nature and size of the business to be carried on.' The duties to be undertaken on plaintiff's behalf as distinguished from the obligations and duties of the corporation are not shown by the contract, nor the extent thereof. Nor is it made to appear what losses were suffered by plaintiff as distinguished from any losses of the corporation which was organized; * * *.

"Counts C and D are subject to the same vices inhering in count B. It was attempted, however, in these counts to remedy some of the uncertainties of the contract, which was oral, by averment that the corporation to be organized, and the terms and conditions of the lease, were to be such as would be mutually agreed upon by plaintiff

and one Julian Adler. We recognize the rule that a valid contract may be conditioned upon the happening of an event, even though the event may depend upon the will of the party who afterwards seeks to avoid its obligation. Scott v. Lumber Co., [202 Ala. 312, 80 So. 394] supra; Electric Lighting Co. [of Mobile] v. Elder, 115 Ala. 138, 21 So. 983. But this rule contemplates a contract otherwise valid and binding. And in Elmore, Quillian & Co. v. Parrish Bros., 170 Ala. 499, 54 So. 203, 204, it was held that 'an agreement to enter into an agreement upon terms to be afterwards settled between the parties, is a contradiction in terms, and amounts to nothing.' So in the instant case the agreement was that one of the parties to the alleged contract should in the future enter into an agreement with a third party as to certain features thereof, and in principle we think such an agreement well within the pronouncement above quoted from the Elmore, Quillian Case, supra."

Moreover, the purported judgment entry complained of in the first assignment of error reads:

"On this the 1st day of August, 1961, came the parties by their attorneys and the defendant refiles his Plea 3–A, to which plaintiff refiled his demurrers thereto, and said demurrers coming on to be heard and the same being argued by counsel and understood by the Court that said demurrers of the plaintiff to defendant's Plea 3–A be and they are hereby sustained. * * *"

In Weems v. Weems, 253 Ala. 205, 43 So.2d 397, we find Foster, J., saying:

"Appellee makes the point that the decree is not sufficient to sustain an appeal because it is not an adjudication of the court. It is in the following language: 'This cause being submitted in term time for decree on demurrer and the court having considered same, is of the opinion the demurrer is not well taken and same is hereby overruled and respondent allowed thirty days in which to file answer, and respondent excepts to the ruling of the court.'

"We have a long line of cases in this State, the effect of which is to hold that such is not a judgment or decree but is merely expressive of the opinion of the court. * * *"

See also Jasper Mercantile Co. v. O'Rear, 112 Ala. 247, 20 So. 583.

Under these Supreme Court cases, the above quoted minute entry does not have any of the essential words of adjudication. Cf. Gipson v. Smith, 261 Ala. 477, 75 So.2d 85.

On assignment 2, Mozley argues that the court erred in sustaining demurrers to his plea 4, and a like argument is made with respect to the ruling as to plea 5. These pleas raise matters of which, although they would not allow recoupment over (i. e., of damages above the plaintiff's claim), would permit matters in the nature of set-off and counterclaim to be considered in defense or mitigation of damages, if any, provable by the plaintiff. The court's entry is as follows:

" * * * And also on this 1st day of August, 1961, came the parties by their attorneys and demurrers of the plaintiff filed to defendant's Pleas 4 and 5 coming on to be heard and the same being argued by counsel and understood by the Court, it is therefore, considered, ordered and adjudged by the Court that said demurrers of the plaintiff to defendant's Pleas 4 and 5 are available to defendant under the general issue. * * *"

Pretermitting the sufficiency of this entry as judgment or mere opinion, we consider that Mozley was not injured because the court, at his instance, gave the following charge:

"The Court charges the jury that, if you are reasonably satisfied from all the evidence in this case that the defendant was not to pay the plaintiff any rent or any sum for the use and occupation of said premises until the plaintiff made and installed additions and improvements on said premises and further, if you are reasonably satisfied from all the evidence that the plaintiff, during the occupancy of said pemises by the defendant, failed and refused to make said improvements and additions to said premises, then your verdict should be for the defendant."

Considered in the light of the evidence and the giving of this charge, we see no error to the probable prejudice of any substantial right of the defendant, Mozley. Supreme Court Rule 45.

Assignment 4 would predicate error upon the refusal of charge 2, viz., affirmative with hypothesis as to count 2 (use and occupancy). Whether or not there was an express agreement was a jury question. We considered that there was no error in refusing the affirmative charge, since there was a conflict in the evidence as to what was the agreement.

■ Mozley argues that though an agreement might not be binding at execution, it can become so by performance under it. We have carefully considered the effect of action "under a contract originally wanting in mutuality" (Majestic Coal Co. v. Anderson, 203 Ala. 233, 82 So. 483) and conclude that the evidence here did not exclude the jury's inferring that there was either a tenancy for an indeterminate period or use and occupation.

In 12 Am.Jur., Contracts, § 24, we find:

"* * * Unless an agreement to make a future contract is definite and certain upon all the subjects to be embraced, however, it is nugatory. An agreement that they will in the future make such contract as they may then agree upon amounts to nothing. To

be enforceable, a contract to enter into a future contract must specify all its material and essential terms and leave none to be agreed upon as the result of future negotiations. Where a final contract fails to express some matter, as, for instance, a time of payment, the law may imply the intention of the parties; but where a preliminary contract leaves certain terms to be agreed upon for the purpose of a final contract, there can be no implication of what the parties will agree upon. * * *"

Subsection (1) of Code 1940, T. 31, § 46, seems to be the only part of our use and occupation statute of instant concern:

"A reasonable satisfaction may be recovered for the use and occupation of land:

"(1) When there has been a demise by deed, or by parol, and no specific sum agreed on as rent."

Simmons v. McClendon, 34 Ala.App. 369, 39 So.2d 787, does not here apply; there the "rental contract" Judge Carr spoke of was one in which the work, labor and material which the tenant agreed to yield his landlord as the rent the latter reserved was capable of ascertainment and was a "specific sum" in legal contemplation.

■ Assignment 8 is based on the overruling of the appellant's motion for new trial. The argument is that, since the plaintiff sued for $1050, i. e., rent at the rate of $150 a month, and since the only testimony was that $150 a month was the fair and reasonable market rental value, the verdict of $600 is evidently a compromise—even under count 2 of the complaint for use and occupancy.

There was a dispute in the testimony as to when rent, if any, was to begin and as to the inconvenience occasioned Mozley by the claimed failure of Boen to install certain items. We cannot see that, as a matter of law, the jury's using some amount less than $150 per month or of multiplying

$150 by four months was so palpable a compromise as to stamp the verdict as the product of a violation of their oaths.

The judgment below is due to be

Affirmed.