# Howard *v.* East Tenn., Va. & Ga. Railroad Co.

### *Action for Breach of Contract of Employment.*

1. *Contract of employment, not specifying term of service.*—A contract by which the defendant railroad company employed plaintiff as its land agent, at a stipulated monthly salary, "to travel and work for the road, to induce capitalists to make investments along its line, and excursionists to travel over the road," no period for its continuance being specified, is void for uncertainty, and either party may withdraw from it at pleasure.

APPEAL from the City Court·of Selma.

Tried before the Hon. JONA. HARALSON.

This action was brought by C. L. Howard against the defendant railroad company, to recover damages for an alleged breach of contract of employment, and was commenced on the 19th August, 1889. The court sustained a demurrer to the ·second and third counts of the complaint, and the plaintiff thereupon took a nonsuit. The judgment on demurrer is here assigned as error. The opinion states the material parts of the contract, so far as shown by the complaint.

G. A. ROBBINS, for appellant, cited *Cotton v. Cotton*, 75 Ala. 345 ; *Henley v. Bush*, 33 Ala. 636; *Drake v. Goree*, 22 Ala. 499; *Adams v. Adams*, 26 Ala. 272; *Skinner v. Bedell*, 32 Ala. 44; *Kyle v. Bellenger*, 79 Ala. 516 ; Bish. Contracts, §§ 1428, 1431, 1417.

PETTUS & PETTUS, *contra.*

COLEMAN, J.—The suit is for damages growing out of an alleged breach of contract. The trial court sustained a demur-

rer to the second and third counts of the complaint, and the judgment of the court sustaining the demurrer is assigned as error.

The contract, as stated in the second count of the complaint, was made on the 11th of March, 1889, and by its terms the defendant contracted with and appointed the plaintiff as its land agent, agreeing to provide him with annual passes, and to pay him a salary of twenty-five dollars per month; in consideration of which, plaintiff was to travel and work for the purpose of inducing capitalists to make investments in real estate along defendant's railroad line, and to induce excursionists to travel over said road. The breaches assigned are : first, that defendant declined to go on with its contract; second, by declaring its intention not to abide by the contract; third, by refusing to permit plaintiff to continue his services, without fault on his part.

The material inquiry is, whether the contract as stated is not void for uncertainty, or one which either party could terminate at will. No damages are claimed for services past rendered, but for a refusal to continue plaintiff in his employment; and there is no averment as to the time when plaintiff was dismissed. The law does not favor, but leans against the destruction of contracts, because of uncertainty ; but, when contracts are so vague and indefinite in terms that the intention of the parties can not be fairly and reasonably collected from them, the court will not undertake to give them effect.—*Robinson v. Bullock*, 58 Ala. 621; *Lord v. Goldberg*, 15 St. Rep. 92 ; s. c., 81 Cal. 596.

When a contract does not specify a particular time within which it is to be performed, the presumption is, the parties intended performance within a reasonable time. What is a reasonable time, depends upon the nature of the duty to be performed, the relation of the parties, and the circumstances of the case.—*Cotton v. Cotton*, 75 Ala. 347. A contract imports a mutual agreement. To be binding on one, it must be binding on the other. Each party assumes fixed and defined obligations.—*Comer v. Bankhead*, 70 Ala. 144; 5 S. & P. 264. There is a certain well known class of unilateral contracts excepted from this general rule ; but the exception has no application in this case.

The rule of law, that contracts are to be performed within a reasonable time when no particular time is fixed, applies to contracts in which the duties to be performed are such as may be completed within a reasonable time,—duties which, *ex vi termini*, the contract imports that the parties contemplated are to be done within a reasonable time ; but, where a person's

[Howard v. East Tenn., Va. & Ga. Railroad Co.]

services are engaged, whose duties, as in this case, require him "to travel and work for the road, to induce capitalists to make investments along its line, and induce excursionists to travel over the road," the rule does not apply. It is a mere matter of employment of services for the purposes specified, and, in the absence of some agreement or peculiar circumstances connected with the engagment, to take it out of the general rule, unless some time is fixed during which the employment is to continue, either party may terminate the contract at will. In a contract of hiring that plaintiff should work for defendant for sixteen dollars per month, nothing being said as to the term of service, it was held the contract of hiring was for a month, and either party could discontinue it after the expiration of the month.—*Black v. Mullin*, 34 N. J. Law, 343.

If this suit could be maintained for a breach of the contract, what would be the measure of damages? If the contract had provided for the payment of twenty-five dollars per month for one year, or two years, or other fixed period, the measure of damages is fixed by rules of law; but, when no time is fixed, what principle of law can justly interfere and fix a time for the parties at which the employment shall end?

In the case of *Erwin & Williams v. Erwin*, 25 Ala. 236, suit was brought to recover damages for breach of an agreement, by which the defendant had "agreed to indorse plaintiffs' paper, and advance them money to enable them to carry on the mercantile business." In commenting on the agreement, the court uses the following language: "How much was he to indorse, and how often? How long should the obligation to indorse rest upon him? . . The contract is silent as to all these matters. . . . No breach could be assigned which could be compensated by any criterion of damages to be furnished by the contract itself, and it is void for uncertainty."

In order to constitute a strictly express contract of hiring, the contract should be definite as to all essential elements, as time, business, and compensation.—*Evans v. C. S. & M. Railway Co.*, 78 Ala. 345; Wood's Master & Servant, § 81; *Beck v. West*, 87 Ala. 213. There is no provision in the contract which would have prevented the plaintiff from leaving the service of defendant at any time; and to be a vailid contract, it must be mutually binding. The same principles of law apply to the third count of the complaint.

The court rightly sustained the demurrers of the defendant to the second and third counts of the complaint.

Affirmed.