[Merrill v. Smith, et al.]

# Merrill *v.* Smith, *et al.*

*Breach of Contract.*

(Decided Jan. 20, 1909.  48 South. 495.)

1. *Trial: Exclusion of Evidence; Motion; Directing Verdict.*—The Court may exclude all the evidence or direct the verdict, where it fails to make out a prima facie case for plaintiff, notwithstanding sections 5342-45, Code 1907 authorize a demurrer to the evidence under such circumstances.

2. *Partnership; Action by Partner; Profits; Statement.*—Until there has been a settlement of the partnership and an ascertainment of the amount due a partner, he canot sue the partnership for demands growing out of the business; nor can a partner maintain an action against the firm for profits made.

3. *Same; Issue and Proof.*—Where the complaint alleged a distinct expressed promise to pay plaintiff, as distinguished from what plaintiff would be entitled to as profits arising from the. contract as a partner, it is not supported by proof of profits growing out of a construction contract that would accrue to him as a partner in the undertaking, there being no express agreement by the firm or an individual member thereof to make plaintiff an independent creditor.

APPEAL from Mobile City Court.

Heard before Hon. O. J. SEMMES.

Action for breach of contract by Frank B. Merriss against the partnership of Charles D. Smith and others. From a judgment for defendants, plaintiff appeals. Affirmed.

The complaint is as follows: Plaintiff claims of defendants $60,000 damages for the breach of an agreement entered into, to wit, July 16, 1903, by the defendants, by which the said defendants agreed and promised to pay plaintiff 40 per cent. of such profit as the copartnership of C. D. Smith & Co., should make from the execution of a certain contract for work of construction on the Gulf & Chicago Railroad if they should obtain said contract; such promise being upon consideration of cer-

tain promises and agreements on the part of plaintiff made, and services rendered in and about preparing the bids, and plaintiff says that, although he had complied with all of the provisions of said agreement on his part, the defendants have failed on their part to fulfill their said agreement and pay to plaintiff any moneys whatsoever, although, as plaintiff avers, said C. D. Smith & Co., have obtained said contract and had made great profits upon said contract, and plaintiff avers that Charles D. Smith is his copartner of the firm of C. D. Smith & Co. The complaint was against C. D. Smith & Co., a partnership, composed of named partners, and against C. D. Smith individually. The proof of the plaintiff tended to show that at the time plaintiff resigned as president of the Mobile, J. & K. C. R. R. Co., he and C. D. Smith were interested as contractors and partners under the name of C. D. Smith & Co.,; that on July 14, 1902, C. D. Smith came to Mobile, and plaintiff and he left and went to said Smith's room, and talked the situation over and discussed the contract to be let by the railroad company and the nature of the work in all its details and that in the general conversations which followed it was agreed between him and Smith that if plaintiff would not bid upon the projected work, but would go in with said Smith, Smith would give the plaintiff an interest in the contract, and that, in consideration of such interest, he should refrain from bidding and that he did refrain from bidding and agreed to help and did help the said Smith to formulate a bid which was thereafter accepted for said work, and, though he wanted on-half interest in the work, it was finally agreed that he should have a 40 per cent. interest therein, and that with this understanding he assisted with his knowledge and information obtained by him while an officer of the road and his familiarity with the work to be done in making up the bids from the specification.

[Merrill v. Smith, et al.]

PILLANS, HANAW & PILLANS, for appellant. The action of the court was irregular and erroneous. The only way to raise a sufficiency of plaintiff's evidence is by demurrer to the evidence, or by requested instructions.— Secs. 5342-5345, Code 1907; *Gibson v. Hunter,* 2 H. B. 187; *Fowle v. Common Council,* 11 Wheat. 320. The contract not to compete in the bidding was valid and constituted a valuable consideration.—*Moore v. 1st Nat. Bank,* 139 Ala. 607; 6 A. & E. Ency of Law, 746. Any valuable consideration supported the promises.—*Maull v. Vaughan,* 45 Ala. 134; *Steele v. Brown,* 18 Ala. 700; *Hixon v. Heatherington,* 57 Ala. 165; *Wood v. Craft,* 85 Ala. 260; *Agnew v. Walden,* 84 Ala. 502. It appears that the writing does not purport the contain all the consideration moving to the parties, and therefore, parol evidence is admissible to show the contract; and if it be treated as a collateral agreement, parol evidence is admissible.—*Roquemore v. Vulcan I. W. C.,* 44 South. 557; *Weir v. Long,* 145 Ala. 328; *Sayre v. Wilson,* 56 Ala. 157; *Mobile M. D. & M. I. Co. v. McMillan,* 31 Ala. 721; *Corbin v. Sistrunk,* 19 Ala. 205; *Wilkerson v. Tillman,* 66 Ala. 536; *Piedmont L. & I. Co. v. Piedmont F. & M. Co.,* 96 Ala. 392; *Gordon, et al. v. Tweedy,* 71 Ala. 210. Whether the partnership was bound or not, C. D. Smith was.—*Clark v. Taylor,* 68 Ala. 461.

STEVENS & LYONS and CAROTHERS EWING, for appellee. The action of the court in excluding the evidence, if error, was harmless.—*Talladega I. Co. v. Peacock,* 67 Ala. 233; *Gulf C. C. Co. v. L. & N.,* 121 Ala. 625; *Touart v. Yellow P. L. Co.,* 128 Ala. 66. An allegation of a joint or common promise by two is not supported by proof of such a promise made by only one of the two.— *Cobb v. Keith,* 110 Ala. 618; *Garrison v. Hawkins Lbr. Co.,* 111 Ala. 311; *Lee v. Wimberly,* 102 Ala. 549; *Gam-*

[Merrill v. Smith, et al.]

*ble v. Kellum*, 97 Ala. 680; *Jackson v. Buch*, 82 Ala. 398; *N. A. Ry. Co. v. Mansell*, 138 Ala. 563; *Dean v. Railroad Co.*, 98 Ala. 586. The two agreements are, therefore, essentially different in legal effect, and proof of the one cannot authorize a recovery under an allegation of the other.—*Hieronymous v. Bienville Co.*, 138 Ala. 587; *Griffin v. Foundry Co.*, 135 Ala. 491; *Moses v. Beverly*, 137 Ala. 480; *Touart v. Yellow Pine Lbr. Co.*, 128 Ala. 66; *M. & E. R. R. Co. v. Culver*, 75 Ala. 590; *Prestwood v. Eldridge*, 119 Ala. 77-78.

In all actions upon contracts which are of such character that they do not of themselves imply or import a consideration, the consideration upon which they are founded "must be truly stated, and with substantial certainty, and proved as laid."—*Newton v. Brooks*, 134 Ala. 272; 4 Ency. of Pl. & Pr. 930 et seq.; *Maury v. Olive*, 2 Stew. 472; *Kean v. Mitchell*, 13 Mich. 206; 22 Ency. of Pl. & Pr. 578-579. Such arrangements are patent and open frauds condemned by the law and conferring no rights whatever upon any guilty participant. —*Guice v. Thornton*, 76 Ala. 473; *Cowan v. Ethedly Hdw. Co.*, 95 Ala. 327; *Canon v. Lindsey*, 85 Ala. 201; *Burwell & Clark v. Springfield*, 15 Ala. 275; *Pierce & Baldwin v. Pass & Co.*, 1 Porter 232. When parties reduce their agreements to writing, all prior and contemporaneous oral agreements are merged into the writing and cease to exist and thereafter there is no contract between the parties except that set forth in the writing.— *T. F. Mfg. Co. v. Western Ry.*, 117 Ala. 524; *Couch v. Woodruff*, 63 Ala. 473; *Blank v. Moore*, 139 Ala. 624; *Greene v. Casey*, 70 Ala. 418; *Meness v. Henry*, 96 Ala. 460; *Guilmartin v. Wood*, 76 Ala. 209.

ANDERSON, J.— Regardless of the rights of parties to demur to the evidence, as provided by sections 5342 5345 of the Code of 1907 it is settled in this state that,

when the plaintiff fails to make out a prima facie case, there is no error on the part of the trial court in excluding the evidence upon motion of the defendant and in giving the affirmative charge when requested in writing by the defendant.—*Talladega Co. v. Peacock*, 67 Ala. 253; *Gulf City Co. v. L. & N. R. R. Co.*, 121 Ala. 625, 25 South. 579; *Touart v. Yellow Pine Co.*, 128 Ala. 66, 29 South. 4.

The complaint charges the breach of an agreement by a failure to pay the plaintiff 40 per cent. of the profits "as the copartnership of C. D. Smith & Co., should make from the execution of a certain contract for construction," etc. There was no proof of such a promise either by the company or Smith. The only contract attempted to be proven by the plaintiff was not an obligation to pay him anything, but that he was a partner in the firm of Smith & Co., to the extent of a two-fifths interest, and therefore entitled to 40 per cent. of the profits. If he was a member of the firm, as he claims, we are at a loss to see how he can maintain an action against said firm. On the other hand, he cannot maintain a suit against his copartner for demands growing out of the partnership business, unless there was a settlement and a balance ascertained to be due him. But, if there was a settlement and balance due, it could not be recovered under the present complaint, which is upon an express promise to pay him as distinguished from what he would be entitled to under the law as profits due him as a member of the firm. The plaintiff testified "that, though he wanted one-half interest in the work, it was finally agreed that he should have a 40 per cent. interest therein." Again, the letter provides that the plaintiff was to have such interest in the contract as he then had in C. D. Smith & Co., "under same terms," and there was proof tending to show that they were previously part-

ners in the firm of Smith & Co., to the extent of three-fifths interest in Smith and two-fifths in the plaintiff. Clearly whatever claim he had to the profits growing out of the contract for construction accrued to him as a partner in the work, and not upon any express agreement to make him an independent creditor of the firm or of Smith individually.

The plaintiff having failed to make out a prima facie case, under the averments of his complaint, the trial court did not err in excluding all of the evidence.

The judgment of the city court is affirmed.

Affirmed.

SIMPSON, DENSON, and McCLELLAN, JJ., concur.