(108 So. 449)

**HARRIS–CORTNER & CO. et al. v. MORGAN. (8 Div. 845.)**

(Supreme Court of Alabama. April 15, 1926. Rehearing Denied May 20, 1926.)

1. **Master and servant** ⊂⇒3(1) — **Statement that, if employee proved satisfactory, and was himself satisfied, salary would be raised at beginning of new season held not basis for valid contract.**

Statement of employer at time of employment that, if employee proved satisfactory, and was satisfied himself, his salary would be raised when new season started *held* not basis for valid contractual relation.

2. **Master and servant** ⊂⇒80(9)—**Verdict, based on contract for increase of salary, held against weight of evidence.**

In action by former employee, based on alleged agreement to raise his salary, supposed to take effect month before ceasing employment on closing of office, verdict for plaintiff *held* contrary to weight of evidence.

Appeal from Circuit Court, Morgan County; J. E. Horton, Judge.

Action by A. P. Morgan against Harris-Cortner & Co., a partnership, and the members thereof. From a judgment for plaintiff, defendants appeal. Transferred from Court of Appeals under Code 1923, § 7326. Reversed and remanded.

E. W. Godbey, of Decatur, for appellants.

There was no binding obligation as to employment and salary after September 1st. 1 Page on Cont. § 48; Howard v. E. T., etc., Co., 91 Ala. 270, 8 So. 868; Erwin v. Erwin, 25 Ala. 236; Baldwin v. K. C., etc., Co., 111 Ala. 515, 20 So. 349; Nelson v. Kelly, 91 Ala. 569, 8 So. 690; Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428; Bissinger v. Prince, 117 Ala. 480, 23 So. 67.

Eyster & Eyster, of Albany, for appellee.

Gover had authority to employ plaintiff and agree on his salary, and, plaintiff having assumed the duties and performed the services, this constituted a contract. A. G. S. R. Co. v. Hill, 76 Ala. 307. There was no duty upon plaintiff to work for defendant without pay. Humes v. Decatur Land Co., 98 Ala. 471, 13 So. 368. And one who employs another to perform certain services for his benefit, without an agreement as to terms, impliedly agrees to pay reasonable compensation therefor. Ala. Nor. Ry. Co. v. Hoge, 207 Ala. 692, 93 So. 517. Plaintiff, having been dismissed or discharged, was entitled to damages for breach of contract. Strauss v. Meertief, 64 Ala. 299, 38 Am. Rep. 8.

GARDNER, J. In February, 1922, appellee began to work for appellant partnership as bookkeeper at an agreed salary of $125 per

month. He continued the work through September, and appears to have worked the first two days of October, leaving for his home in Tennessee on October 2d. In August, 1923, he brought this suit to recover compensation for such services rendered in September and October, 1922, obtaining a judgment in the sum of $237.28, from which defendant has prosecuted this appeal.

[1, 2] All other questions aside, we are persuaded, upon a careful consideration of the record, that defendant's motion for a new trial should have been granted upon the ground that the verdict rendered was contrary to the great weight of the evidence.

Plaintiff was bookkeeper for the Alabama Water Company in Albany, Ala., at a salary of $150 per month, when he accepted the position with the defendant partnership at a less remunerative salary of $125 per month in order that he might learn the cotton business in which defendant was engaged, and evidently with the hope and laudable ambition that the change would lead to better final results and more rapid advancement. The actual employment of plaintiff was by Gover, office manager of defendant, who had authority to that end. The employment was until September 1, 1922, at a salary of $125 per month, payable monthly. Plaintiff evidently lays much stress upon the statement of Gover at the time of the employment that, if he proved satisfactory to the firm, and was himself satisfied with the position, his salary would be raised when the new season started, which was September 1st. But this was entirely conditional, and no amount named or agreed upon, any future arrangement being left wholly indefinite and uncertain.

No valid contractual relation could be rested upon such statement (Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428; Howard v. E. T., V. & G. Ry. Co., 91 Ala. 268, 8 So. 868; Erwin v. Erwin, 25 Ala. 236; Nelson v. Kelly, 91 Ala. 569, 8 So. 690), and it is without any binding force. We think it was recognized as such by plaintiff's entire course of conduct. A few months after plaintiff's employment he was informed that a change was in progress, whereby the firm by which he was employed would be dissolved. Miss Murphy, a witness for the defendant, who was also employed in the office, testified that in June, 1922, Cortner, a member of the firm, informed plaintiff, as well as all the employés in the office, of the dissolution, and that they would have to look for another place after September 1st. "He told Mr. Morgan that the old firm had dissolved partnership, and he [Morgan] would have to look for another place." Cortner testified to like effect, and the evidence in this respect appears to be without conflict. Cortner testified that, after so informing plaintiff that his services would not be needed after September 1st, he told plaintiff he could stay on and help Gover finish up the work, to which plaintiff replied he would stay on as long as he was needed. Nothing was said as to any increase in salary. He had been paid $125 each month. Plaintiff worked through September, and drew something over $9 in excess of the usual salary of $125, and the books which he kept disclosed that he was indebted to the firm in such excess, which he afterwards refunded to the firm. He made the entries in the book, and admitted that at the end of September he was overdrawn "nine dollars and some odd cents." Plaintiff made no insistence that he was due more, or expected to receive any salary in excess of the usual sum, and, in fact, his conduct and evidence is rather persuasive that he accepted the $125 as in full satisfaction of services for the month of September. He made no such claim until about a week before bringing this suit on August 9, 1923. Plaintiff testified that on September 28th he was notified that "he was released from service of defendants"; Cortner telling him they would close the office and let the force go, but that he did not leave until October 2d, as Gover was sick, and his remaining two days longer was evidently merely temporary, an accommodation to Gover, and by no means indicated an employment for that month. He left for Tennessee on October 2d, making no protest or claim for additional compensation, and subsequently secured employment elsewhere.

As previously stated no claim was made by plaintiff for additional compensation until a short time before the institution of this suit. He was doubtless stimulated thereto by a garnishment proceedings referred to in a very indefinite way in the testimony. However that may be, we are persuaded plaintiff's entire course of conduct has been wholly inconsistent with the claim now pressed, and, indeed, the amount of the verdict rendered is difficult of reconciliation with plaintiff's theory of the case.

It may be that some of the occurrences at the trial complained of in other assignments of error added influence to the result reached, but, in any event, we are persuaded a new trial should have been awarded upon the ground herein indicated. The judgment will, therefore, be reversed, and the cause remanded.

Reversed and remanded.

SAYRE, MILLER, and BOULDIN, JJ., concur.