(124 So. 108)

GOODWIN v. ADLER. (6 Div. 248.)

Supreme Court of Alabama. Oct. 10, 1929.

Fort, Beddow & Ray and G. Ernest Jones, all of Birmingham, for appellant.

Bradley, Baldwin, All & White, of Birmingham, for appellee.

GARDNER, J. ■ The suit is one to recover damages for breach of contract. The action of the court in sustaining demurrer to count A of the complaint may well be rested upon the assignment taking the point·that the pleader failed to allege whether the contract sued upon was verbal or written (Byars v. James, 208 Ala. 390, 94 So. 536), and this count may therefore be laid out of view.

■ The demurrer to count B was properly sustained upon the theory the alleged contract was too vague and indefinite upon which a right of action for its breach may be rested. It is essential to a contract that the nature and the extent of its obligations be certain. 13 C. J. 266. "It is elementary in the law that, for the validity of a contract, the * * * agreement of the parties to it must be certain and explicit, and that their full intention may be ascertained to a reasonable degree of certainty. Their agreement must be neither vague nor indefinite." Butler v. Kemmerer, 218 Pa. 242, 67 A. 332, 334.

Plaintiff was to organize a corporation, its size and capital stock undetermined, and engage in mining operations under an indefinite lease, and pay undetermined royalties. Upon what scale it is to be carried on is left wholly uncertain, and, as held in Erwin & Williams v. Erwin, 25 Ala. 236, the "capital must bear some just proportion to the nature and size of the business to be carried on." The duties to be undertaken on plaintiff's behalf as distinguished from the obligations and duties of the corporation are not shown by the contract, nor the extent thereof. Nor is it made to appear what losses were suffered by plaintiff as distinguished from any losses of the corporation which was organized; the complaint being indefinite in this respect. The insistence is made also that the contract was indefinite and uncertain as

to its duration (citing Howard v. East Tenn. R. R. Co., 91 Ala. 268, 8 So. 868; Christie et al. v. Patton, 148 Ala. 324, 42 So. 614; Pulliam v. Schimpf, 109 Ala. 179, 19 So. 428; Erwin v. Erwin, supra; Jones v. Lanier, 198 Ala. 363, 73 So. 535; S. S. S. & I. Co. v. Payne, 186 Ala. 341, 64 So. 617; Amer. T. Co. v. Naylor Lbr. Co., 190 Ala. 319, 67 So. 246; McIntyre Lbr. Co. v. Jackson Lbr. Co., 165 Ala. 268, 51 So. 767, 138 Am. St. Rep. 66; Scott v. Lbr. Co., 202 Ala. 312, 80 So. 394), but, as the foregoing observations suffice to demonstrate the insufficiency of the contract for uncertainty, no necessity exists for a consideration of that question which is here pretermitted.

■■ Counts C and D are subject to the same vices inhering in count B. It was attempted, however, in these counts, to remedy some of the uncertainties of the contract, which was oral, by averment that the corporation to be organized, and the terms and conditions of the lease, were to be such as would be mutually agreed upon by plaintiff and one Julian Adler. We recognize the rule that a valid contract may be conditioned upon the happening of an event, even though the event may depend upon the will of the party who afterwards seeks to avoid its obligation. Scott v. Lumber Co., supra; Electric Lighting Co. v. Elder, 115 Ala. 138, 21 So. 983. But this rule contemplates a contract otherwise valid and binding. And in Elmore, Quillian & Co. v. Parrish Bros., 170 Ala. 499, 54 So. 203, 204, it was held that "an agreement to enter into an agreement upon terms to be afterwards settled between the parties, is a contradiction in terms, and amounts to nothing." So in the instant case the agreement was that one of the parties to the alleged contract should in the future enter into an agreement with a third party as to certain features thereof, and in principle we think such an agreement well within the pronouncement above quoted from the Elmore, Quillian Case, supra.

■ As to count D it further appears that defendant was, to accept a transfer of plaintiff's leases or his interest therein. This would require the formality for conveyance of land (Brooks v. Cook, 141 Ala. 499, 38 So. 641), and the contract is alleged to have been oral. In this respect it was unenforceable as lacking in mutuality. Shannon v. Wisdom, 171 Ala. 409, 55 So. 102. But further discussion is unnecessary.

The several counts were subject to the demurrer interposed thereto.

The judgment will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.