57 Cal.App.2d Supp. 1023 (1943)
ROGER P. DEENEY, Appellant,
v.
HOTEL AND OFFICE EMPLOYEES' UNION LOCAL NO. 283 (an Unincorporated Association) et al., Respondents.
California Court of Appeals. 
Feb. 18, 1943.
 Edmund J. Holl for Appellant.
 Henry B. Lister for Respondents.
 McWILLIAMS, J.
 In this action the plaintiff sued defendants Hotel and Apartment Clerks and Office Employees' Union Local No. 283, and Hotel and Restaurant Employees' International Alliance and Bartenders' International League of America, and C. L. McDonough who was alleged to be the agent and representative and vice-president of said Union. The nature of plaintiff's claim other than that he asked for a money judgment is not important in view of the one issue raised on this appeal. In his complaint plaintiff alleged that the two defendants other than McDonough were voluntary unincorporated associations composed of more than two persons associated together in business and transacting such business under the names above mentioned. Plaintiff also alleged that at all times mentioned in his complaint he was a member in good standing of Local No. 283. The defendants filed an answer in the case and subsequently filed a notice of motion of dismiss the action. The notice stated it was one at law brought by a partner against his copartners that the motion would be made on the ground that the court had no jurisdiction of the action by reason of the fact that [57 Cal.App.2d Supp. 1025] under the provisions of section 388 of the Code of Civil Procedure and that the only action that could properly be brought by the plaintiff against his copartners under the circumstances of the case was one in equity in the superior court for an accounting and a dissolution under sections 2416 and 2426 of the Civil Code. The motion to dismiss was granted on the ground that the court had no jurisdiction of the subject matter of the action. From that order the plaintiff has appealed. Counsel for defendants present the same argument somewhat amplified in this court as appears to have been presented in the court below.
 We cannot concur in the reasoning of counsel for defendants or in the ruling of the lower court so far as the two associations are concerned.
 [1] We first take up the argument of defendants that the two associations are not engaged in business and hence may not be sued as associations since section 388 of the Code of Civil Procedure is limited by its terms to associations engaged in business. In support of this contention they cite Swift v. San Franciso S. & E. Board, 67 Cal. 567 [8 P. 94]. The irrelevancy of that case is made apparent by a reading of the opinion of the Supreme Court in the case of Jardine v. Superior Court, 213 Cal. 301 [2 P.2d 756, 79 A.L.R. 291]. The reasoning of the court in the latter case is not to be disposed of as counsel for defendants endeavor to dispose of it by saying that the case was not a law action but involved an application for a writ of prohibition. This is made clear by the case of Herald v. Glendale Lodge, 46 Cal.App. 325 [189 P. 329] in which it was held that an association need not be engaged in commercial business in order to authorize an action against it under section 388.
 [2] Defendants next contend that the two associations are partnerships and that a partnership not being a legal entity may not be sued under section 388. In the first place even if they were to be regarded as partnerships it has long since been settled in California that although a partnership is not a legal entity for all purposes it is to be regarded as a legal entity to the extent that an action will lie against the partnership as such for the purpose of securing a judgment against it. The judgment secured in such a case is binding on the joint property of the associates and upon the individual property of the party or parties served with process. [57 Cal.App.2d Supp. 1026] (John Bollman Co. v. S. Bachman & Co., 16 Cal.App. 589 [117 P. 690, 122 P. 835]; Artana v. San Jose Scavenger Co., 181 Cal. 627 [185 P. 850].)
 As was pointed out by our Supreme Court in the Jardine case (supra) whereas the law is not yet settled in all states having statutes similar to section 388 of our Code of Civil Procedure whether an unincorporated association is to be considered an entity for the purposes of suit or whether it is to be considered that the statute merely permits an action to be brought against the associates in the name of the association, in this state the entity theory has been definitely adopted.
 The fact that the two associations here involved happen to be labor unions, as is not only pointed out but emphasized by defendants, does not improve their situation. In fact it militates against the position taken by them. [3] This follows because labor unions not being organized to carry on a business for profit do not constitute partnerships. (Civ. Code, sec. 2400. Also see Brower v. Crimmins, 121 N.Y.S. 648.)
 A contention somewhat similar to the one here made by defendants was advanced in the comparatively recent New York case of People v. Herbert, 162 Misc. 817 [295 N.Y.S. 251]. The defendants in that case had been indicted for the embezzlement of funds of a certain union. They set up the defense that they were not subject to prosecution by reason of the fact that the union was a partnership and that they, being members of that partnership, had title to the funds of the union jointly with all of the members. The court held that the contention was unsound. Said the court:
 "It may be conceded that partnerships and labor unions have some characteristics in common. Thus, they are both unincorporated associations; and their members have a peculiarly distinctive form of joint title to their respective property, although in neither case is the title that of joint tenants or of tenants in common."
 "But there are at the same time certain important differences between them. The purpose of a partnership is essentially to enable its members, as principals, to conduct a lawful business, trade, or profession. Such business, trade, or profession is to be carried on for the pecuniary gain of the partners. No one may become a partner without the consent of all the partners. In our state, this rule is a statutory one, for the Partnership Law, Sec. 40, subd. 7, provides that: 'No [57 Cal.App.2d Supp. 1027] person can become a member of a partnership without the consent of all the partners.'"
 "This principle of personal selection of one's partners is substantially the doctrine of delectus personarum. Sugarman, Law of Partnership, Sec. 22. The number of members in a partnership is invariably small."
 "On the other hand, a labor union is a combination of working men formed, not for the conduct of a lawful business, trade, or profession for the pecuniary gain of its members; but for the purpose of securing, by united action, the most favorable wages and conditions of labor, and of otherwise improving their economic and social status. ... It is well known that the membership of labor unions in many instances runs into the thousands; their members are widely scattered and have not the facilities and opportunities for daily collaboration which partners have. Furthermore, the principle of personal selection which is an indispensable one in the case of a partnership does not apply to a labor union, for it is not required that one may become a member thereof only with the consent of all the other members."
 Also see Grand International Brotherhood of Locomotive Engineers v. Couch, 236 Ala. 611 [184 So. 173]. In that case the plaintiff brought an action for breach of contract against the defendant association. It urged in defense that the plaintiff being a member of the association could not sue it since he would in effect be bringing suit against himself and that the relationship between the two was such that only in equity could he, as a member of the association, sue the company. Said the court:
 "This may be the rule as to partnerships for commercial purposes, notwithstanding section 5722, Code, permitting a suit against it without joining the partners. ... But a different rule obtains in respect to non-profit fraternal, charitable or mutual aid associations, when a statute so authorizes."
 The court pointed out that the defendant was an unincorporated union and held that the action would therefore lie. The section of the Alabama Code referred to is substantially the same as section 388 of our Code of Civil Procedure.
 [4] The procedural difficulty growing out of permitting the plaintiff to secure a money judgment against the defendant associations that is conjured up by counsel is not a substantial one. [57 Cal.App.2d Supp. 1028]
 If the plaintiff should secure a judgment against either or both of the associations he would be authorized under section 388 to procure the issuance of a writ of execution against the joint property of the associates. If there was no such property it might then be necessary for him to bring his suit in the superior court against his associates for an accounting. This was the view taken of a somewhat similar problem under a somewhat similar statute of the State of New York. (See Westcott v. Fargo, 61 N.Y. 542 [19 Am.Rep. 300] cited and followed in Saltsman v. Shults, 14 Hun. 256.)
 The cases relied upon by defendants do not, in our opinion, support their views. In the case of Gorman v. Russell, 14 Cal. 531, the Supreme Court did not hold that the association there involved was actually a partnership but instead that it partook "of the nature of a partnership" rather than being a charity as was claimed by the respondents in that case. The other cases cited by defendants are likewise not, in our opinion, applicable to the situation here involved.
 Our views as set out above obviously do not apply insofar as defendant McDonough is concerned. As to him we consider that the argument of respondents is sound.
 It is therefore ordered that the judgment of the lower court be affirmed insofar as defendant McDonough is concerned and reversed insofar as the two defendant associations are concerned.
 Foley, J., and Griffin, P. J., concurred.