**POULTRY HAULERS, INC., a corporation, Plaintiff,**

v.

**PILLSBURY COMPANY, Inc., a corporation, Defendant.**

**Civ. A. No. 64-541.**

United States District Court
N. D. Alabama, S. D.

Dec. 22, 1964.

1. Santorinakis v. S.S. Orpheus, E.D.Va., 176 F.Supp. 343, aff'd 4 Cir., 279 F.2d 469.

R. B. Jones, Birmingham, Ala., for plaintiff.

L. Drew Redden of Rogers, Howard, Redden & Mills, Birmingham, Ala., for defendant.

GROOMS, District Judge.

The defendant's motion to dismiss the complaint, as amended, came on for hearing on November 23, 1964, at 1:30 p. m., at which time the parties submitted the motion upon briefs. The Court has carefully considered these briefs and has made an independent research of the law.

In the complaint, as amended, the plaintiff avers that it had an oral agreement with the defendant by the terms of which it was to transport for the defendant between 200,000 and 250,000 birds per week and was to receive sixty-five cents per one hundred pounds as compensation therefor; that the defendant represented to the plaintiff that the contract would exist and continue as long as the defendant had poultry to be hauled to its processing plant and as long as it hauled said poultry in a satisfactory manner and that if it hauled said poultry in a satisfactory manner the agreement would continue "for a reasonable time thereof." This agreement purports to have been effective as of January 1, 1964.

The plaintiff avers that it moved its plant from Guntersville to Cullman at great expense to itself and on June 1, 1964, the defendant represented to the plaintiff that the quantity of birds would be increased to 300,000 birds per week, and in reliance thereon it purchased additional equipment; that on July 1, 1964, the plaintiff was informed that the hauling would be cut back to 100,000 birds; that the defendant knew that the plaintiff could not operate at such low volume and that after said representations it treated the contract as breached and ceased to transport poultry for the defendant.

The defendant challenges the sufficiency of the amended complaint on the grounds, *inter alia*, that it is indefinite in terms and lacks mutuality.

The latest expression of opinion from the Alabama Supreme Court with respect to the invalidity of a contract for vagueness and indefiniteness is found in Alabama National Life Insurance Co. v. National Union Life Insurance Co., 275 Ala. 28, 151 So.2d 762. The court cites a number of cases, including Grand International Brotherhood, etc. v. Couch, 236 Ala. 611, 184 So. 173; and Howard v. East Tenn., Va. & Ga. Railroad Co., 91 Ala. 268, 8 So. 868. In the first mentioned case the court said:

> "Also the rule is clear that 'an agreement to be binding must be definite and certain,' and 'must be sufficiently definite to enable the court to determine its exact meaning and fix definitely the legal liability of the parties.' * * *
>
> "As a feature of that principle, it is also said that 'where no breach of a contract could be assigned which could be compensated by any criterion of damages furnished by the contract itself, the contract is void for uncertainty,' * * * *"

In Howard v. East Tenn., Va. & Ga. Railroad Co., supra, the court held void for uncertainty a contract by which the defendant railroad employed plaintiff as its land agent, at a stipulated monthly salary, "to travel and work for the road, to induce capitalists to make investments along its line, and induce excursionists to travel over the road," where no period for the continuance of the contract was specified. In the course of the opinion in Howard, the court said:

"When a contract does not specify a particular time within which it is to be performed, the presumption is the parties intended performance within a reasonable time. What is a reasonable time depends upon the nature of the duty to be performed, the relation of the parties, and the circumstances of the case. * * *

"The rule of law that contracts are to be performed within a reasonable time, when no particular time is fixed, applies to contracts in which the duties to be performed are such as may be completed within a reasonable time,—duties which, *ex vi termini,* the contract imports that the parties contemplated are to be done within a reasonable time; but where a person's services are engaged, whose duties, as in this case, require him 'to travel and work for the road, to induce capitalists to make investments along its line, and induce excursionists to travel over the road,' the rule does not apply. It is a mere matter of employment of services for the purposes specified, and, in the absence of some agreement or peculiar circumstances connected with the engagement, to take it out of the general rule, unless some time is fixed during which the employment is to continue, either party may terminate the contract at will. In a contract of hiring that plaintiff should work for defendant for sixteen dollars per month, nothing being said as to the term of service, it was held the contract of hiring was for a month, and

either party could discontinue it after the expiration of the month. Black [Beach] v. Mullin, 34 N.J. Law, 343.

"If this suit could be maintained for a breach of the contract, what would be the measure of damages? If the contract had provided for the payment of $25 per month for one year, or two years, or other fixed period, the measure of damages is fixed by rules of law; but, when no time is fixed, what principle of law can justly interfere and fix a time for the parties at which the employment shall end?

\* \* \* \* \*

"In order to constitute a strictly express contract of hiring, the contract should be definite as to all essential elements, as time, business, and compensation. Evans v. C. S. & M. Railway Co., 78 Ala. [341] 345; Wood, Mast. & S. § 81; Beck v. West, 87 Ala. 213 [6 So. 70]. There is no provision in the contract which would have prevented the plaintiff from leaving the service of defendant at any time, and, to be a valid contract, it must be mutually binding. The same principles of law apply to the third count of the complaint."

See also, the case of Birmingham Electric Co. v. Praytor, 22 Ala.App. 45, 111 So. 895, wherein the court cited a number of Supreme Court cases, concluding that a contract of employment at a monthly rate without specifying the period for which it was to run was void for uncertainty.

■ If a party contracts with another to build a house and no time is mentioned for its completion, under the principle referred to the law would presume that the house would be completed within a reasonable time, but, as noted, this principle does not apply to a continuing contract such as is charged to exist here.

■ It is nowhere averred that the plaintiff was obligated to perform for any definite period of time. The Court

is of the opinion that under the law as it exists in Alabama, the contract lacks mutuality and is uncertain as to its time of duration. This type of contract is not to be confused with the distributorship agreements relied on in many of the cases, such as J. C. Millett Co. v. Park & Tilford Distillers Corp., D.C., 123 F. Supp. 484. See Williston on Contracts, Revised Edition, Section 1027(a), and Marrinan Medical Supply v. Fort Dodge Serum Co., 8 Cir., 47 F.2d 458; Bendix Home Appliance Co. v. Radio Accessories Co., 8 Cir., 129 F.2d 177; and Mantell et al. v. International Plastic Harmonica Corp., 141 N.J.Eq. 379, 55 A.2d 250, 173 A.L.R. 1185.

It may be that the expense incurred by plaintiff in making the move would constitute consideration for the contract, but it doesn't follow that the contract is relieved of its uncertainty and lack of mutuality. The Court is of the opinion that the motion to dismiss is due to be sustained.

It is, therefore, ordered, adjudged and decreed that the motion to dismiss the complaint, as amended, be and the same is hereby sustained, and this section be and the same is hereby dismissed at the costs of the plaintiff.