33 So.2d 255

**FOSTER WHEELER CORPORATION v. ZELL.**

6 Div. 565.

Supreme Court of Alabama.
Oct. 16, 1947.

Rehearing Denied Jan. 22, 1948.

Jones, Dominick & McEachin and Liston C. Bell, all of Tuscaloosa, for appellant.

Earl McBee and D. G. Ewing, both of Birmingham, and F. F. Windham, of Tuscaloosa, for appellee.

LAWSON, Justice.

This is an appeal from a judgment against appellant in favor of appellee for damages for breach of a contract of employment.

In 1943 the defendant corporation was engaged in the construction of a synthetic phenol plant at Fox Station, near Tuscaloosa, Alabama, for the Reichold Chemical Company. Plaintiff entered the employ of defendant company in March of 1943 as a welder, in which capacity he worked until May of that year, when he was made welder foreman. He worked for defendant as welder foreman until, to wit, September 7, 1943. On that date plaintiff contends he was discharged by defendant and defendant insists that he voluntarily quit. But the view which we take of the case renders it unnecessary to pass on that question.

■ Defendant contends that plaintiff's right to recover is based on a contract for "permanent employment" and that no consideration for such a contract is shown to have been supplied by plaintiff other than services to be rendered for which he was to be paid, hence the general affirmative charge should have been given as requested by defendant, under the rule stated in Alabama Mills, Inc., v. Smith, 237 Ala. 296, 186 So. 699. It was there held in effect that in order for a contract of "permanent employment" to be a binding agreement it is necessary that the employee show a valuable consideration supplied by him other than services to be rendered for which he was to be paid.

But the evidence does not show that plaintiff bases his case on a contract of "permanent employment."

Plaintiff's contention is that at the time he was discharged he had a contract with the defendant company whereby he was to work for it and the company was to give him employment for a definite period of time and that before that time expired he was discharged without cause, the duration of such contract being the length of time defendant was engaged in the construction work it was doing at the time for the chemical company.

Plaintiff's version of his original employment and subsequent contract with a representative of the defendant company may be summarized as follows: In March, 1943, he applied to William Rastelli, defendant's superintendent of welders, for a job as welder. He secured the job at a wage of $1.75 per hour with increased pay for over-time. He was to be paid once a week. He was not hired for any definite length of time. He was the first welder on the job. In May, 1943, plaintiff says he was employed by Rastelli as welder foreman at the rate of $2 per hour, payable once a week, and with the usual overtime provisions. As to what transpired between plaintiff and Rastelli at the time plaintiff contends he was employed as welder foreman, he testified: "Well, he asked me if I wanted the job, and, of course, I told him I did if it was going to last any while, and I asked him how long it would last and he said 'Well, it ought to last about six or eight months anyway,' and so I said 'Well, would I be working on it all the way through,' and he said 'Yes, sir, as long as they had any welders, why I would be on the job.' * * * Well, he told me he wanted me to be the welder foreman out there and give the tests and certify them. He said 'I want good welders,' so I told him I would give them the test and—pipe test—and certify them, get him good welders because he wanted some good welders on the place. * * *

"Q. That was your duties? A. Yes, sir, and so I told him I would, but I asked him how long was the job going to last and he said until it was completed and I said 'Well, how long would that be?,' and he said 'Oh, six months or a year' he guessed. * * * Yes, sir, he told me that he didn't make any contracts, but he told me I would be there until the job was completed. * * * Well, he told me that he wanted me to handle the hiring of the welders and give them their tests and the general duties that would go with it and told me what the duties were and all, and I asked him how long the job would last, and he said 'Well, until it was completed'; that they would have a full crew of welders there until it was completed. * * * I got a raise of twenty-five cents an hour * * * and I told him I wouldn't quit until it was over."

Although as shown above the plaintiff says that he told Rastelli he wouldn't quit until the job was over, on further cross-examination it appears that he entertained the opinion that he had the right to quit except for certain federal regulations.

■ The question of prime importance presented by the record is whether the evidence shows a contract of employment definite as to its duration. The burden in this respect was upon the plaintiff. We do not think he has met that burden. We think the only reasonable construction which can be placed upon the statements alleged to have been made by Rastelli is that they were merely in the nature of general information of the character of work and its possible duration. The statements by Rastelli do nothing more than furnish information along general lines as to the character of work required and that the work was of such magnitude that it would offer employment for a considerable period of time. Rastelli's statements as related by the plaintiff were in the nature of what Rastelli thought might reasonably be expected to occur and not of what the parties agreed should occur. In fact, plaintiff's testimony clearly indicates that such was the nature of Rastelli's remarks in that the latter told the plaintiff that he had no authority to make contracts yet told plaintiff that he would be there until the job was completed.

■ We do not think the evidence shows an agreement between the parties which could be made the basis of an action such as brought by plaintiff in this case. This conclusion finds support in the case of Christie, Lowe & Heyworth et al. v. Patton, 148 Ala. 324, 42 So. 614. Also see Cosby-Hodges Milling Co. v. Riley, 227 Ala. 347, 149 So. 612, and Grand International Brotherhood, etc., v. Couch, 236 Ala. 611, 184 So. 173.

It is not necessary, in this view of the case, to consider other rulings of the trial court. It being evident that the plaintiff had no cause of action, the trial court should have given the general affirmative charge as requested by the defendant. This is true because the evidence discloses only employment for an indefinite period which could be terminated at the will of either party and there is no contention made by plaintiff that he had not been fully compensated for all services rendered by him up until the time he left the employment of defendant on September 7, 1943.

The judgment appealed from will be reversed and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and FOSTER and STAKELY, JJ., concur.