E. L. Roberts and A. B. Cunningham, Gadsden, for appellee.

**ZELL v. FOSTER WHEELER CORP.**

**6 Div. 790.**

Supreme Court of Alabama.

Oct. 25, 1951.

D. G. Ewing and Earl McBee, Birmingham, and F. F. Windham, Tuscaloosa, for appellant.

Jones, Dominick & McEachin and Liston C. Bell, all of Tuscaloosa, for appellee.

368

LAWSON, Justice.

This is a suit by Burton Zell against Foster Wheeler Corporation to recover damages for breach of a contract of employment.

The theory of plaintiff's right to recover is that at the time he was discharged, he had a contract with the defendant corporation whereby the corporation was to give him employment for a definite period of time and that before that time expired he was discharged without cause.

The cause came on for trial in the circuit court of Tuscaloosa County, resulting in a verdict and judgment for the plaintiff. The defendant appealed to this court. We reversed. Foster Wheeler Corporation v. Zell, 250 Ala. 146, 33 So.2d 255. The basis for reversal was that the defendant was entitled to the general affirmative charge as requested, since the evidence was insufficient to show a contract definite as to its duration. In the opinion on former appeal we said: "* * * It being evident that the plaintiff had no cause of action, the trial court should have given the general affirmative charge as requested by the defendant. This is true because the evidence discloses only employment for an indefinite period which could be terminated at the will of either party and there is no contention made by plaintiff that he had not been fully compensated for all services rendered by him up until the time he left the employment of defendant on September 7, 1943." 250 Ala. 148, 33 So.2d 257.

After we reversed the judgment appealed from and remanded the cause to the lower court, it again came on for trial.

On the second trial the trial court, at the conclusion of the testimony, being of the opinion that the evidence produced was in effect the same as that given on the first trial, followed the holding of this court on first appeal and at the request of the defendant directed a verdict in its favor. There was verdict and judgment for defendant. From that judgment the plaintiff has appealed.

The only question presented is whether the trial court erred in directing a verdict for the defendant.

 In passing on this question, we must view the evidence in the light most favorable to the plaintiff. Sullivan v. Alabama Power Co., 246 Ala. 262, 20 So.2d 224. If, when so viewed, a reasonable inference may be drawn from the evidence to substantiate the claimed culpability of the defendant, then the question was for the jury. Birmingham Electric Co. v. McQueen, 253 Ala. 395, 44 So.2d 598.

We have examined the evidence presented in the record now before us with great care, and are of the opinion that in material respects it is the same as presented on the first trial. We see no necessity of setting out the evidence.

The trial court did not err in directing a verdict for the defendant. The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and FOSTER, JJ., concur.